**Opinion filed August 6, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00244-CR

_____

## MORRIS LANDON JOHNSON, II, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR13896**

## M E M O R A N D U M   O P I N I O N

Morris Landon Johnson, II appeals his jury conviction for possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). Appellant elected for the trial court to determine his punishment. The State alleged two state jail felony convictions for enhancement purposes. The trial court found both enhancement allegations to be "true" and sentenced Appellant to

confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. The trial court also assessed a fine of $10,000. In one issue on appeal, Appellant argues that the trial court erred when it denied his request for the appointment of a "chemical dependency expert." We affirm.

*Background Facts*

Appellant was arrested based on an outstanding arrest warrant. While in custody, Appellant's wallet was seized. A small plastic bag was found in his wallet. Appellant was charged with possession of a controlled substance of less than one gram based upon the contents of the small plastic bag.

Appellant filed a pretrial motion for the appointment of a chemical dependency expert. Appellant's trial counsel stated in the motion that he:

> [B]elieves that Defendant's prior convictions for drug offenses indicate a long-term problem with addiction to methamphetamine and that expert testimony on drug addiction would be essential to the defense of Defendant's case in the event that there should be a punishment phase in the case Defendant request[s] the Court to authorize and pay for retention of an expert on substance abuse and drug addi[c]tion to assist Defendant in the defense of his case.

The motion was not sworn to or supported by any affidavits.

The trial court held a pretrial hearing on the motion. Appellant testified that he was addicted to methamphetamine and had four prior convictions related to methamphetamine. Appellant responded affirmatively when asked if he felt that his "addiction to methamphetamine is a significant issue and related to this case, which is for possession of methamphetamine." Appellant's counsel then asked if Appellant believed it would be important to have an expert in this case "to speak to the issue of the addictive nature of methamphetamine and the rates of -- of relapse in terms of people that . . . have an addiction to methamphetamine." Appellant said, "Yes, I believe so." When cross-examined, Appellant did not know of any particular person

2

who would serve as this expert. Appellant also did not know if the expert would testify as to Appellant's personal addiction or about addiction generally. When asked, Appellant replied, "Either or, whatever the court would see fit." The trial court denied the motion for appointment of an expert. The case proceeded to trial, and the jury found Appellant guilty of possession of a controlled substance.

*Analysis*

We review the trial court's denial of the appointment of an expert for an abuse of discretion. *Griffith v. State*, 983 S.W.2d 282, 287 (Tex. Crim. App. 1998). When an indigent defendant makes a threshold showing that expert assistance would likely be a significant factor at trial, he is entitled to the appointment of an expert. *Ake v. Oklahoma*, 470 U.S. 68, 82–83, 86 (1985); *Griffith*, 983 S.W.2d at 286–87. To determine if a defendant is entitled to the requested expert, three factors are relevant: (1) the private interest that will be affected by the State's action; (2) the governmental interest that will be affected if the safeguard is to be provided; and (3) the probable value of the additional or substitute procedural safeguards that are sought, and the risk of an erroneous deprivation of the affected interest if those safeguards are not provided. *Ake*, 470 U.S. at 77; *Rey v. State*, 897 S.W.2d 333, 337 (Tex. Crim. App. 1995). The purpose is to ensure that the indigent defendant has access to a competent expert to assist in the evaluation of his defense. *Ake*, 470 U.S. at 77; *Griffith*, 983 S.W.2d at 286. The type of expert and the nature and complexity of the field of specialty must be considered in deciding if an expert will be helpful or a significant factor at trial. *Griffith*, 983 S.W.2d at 287. "The key question appears to be whether there is a high risk of an inaccurate verdict absent the appointment of the requested expert." *Busby v. State*, 990 S.W.2d 263, 271 (Tex. Crim. App. 1999).

The burden is on the defendant to make a sufficient threshold showing of his particularized need for the expert's assistance. *See Griffith*, 983 S.W.2d at 286–87;

*Rey*, 897 S.W.2d at 339. In order to carry this burden, a defendant must offer more "than undeveloped assertions that the requested assistance would be beneficial." *Williams v. State*, 958 S.W.2d 186, 192 (Tex. Crim. App. 1997) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 323–24 n.1 (1985)) (internal quotation marks omitted); *Rey*, 897 S.W.2d at 339 (quoting same). The defendant must show both that there exists a reasonable probability that an expert would be of assistance and that denial of expert assistance would result in a fundamentally unfair trial. *Davis v. State*, 905 S.W.2d 655, 659 (Tex. App.—Texarkana 1995, pet. ref'd). We analyze whether a defendant made a sufficient threshold showing by examining the facts and arguments before the trial court at the time of the defendant's motion. *Rey*, 897 S.W.2d at 342 n.9.

In his motion for appointment of an expert, Appellant asserted that he needed an expert to show that his prior convictions for drug offenses indicated a long-term problem with addiction to methamphetamine and that expert testimony on drug addiction would be essential to his defense during the punishment phase. However, Appellant failed to verify this motion or attach any supporting affidavits. At the hearing on Appellant's motion, Appellant briefly testified that he was addicted to methamphetamine and had four prior convictions that related to methamphetamine. Appellant's trial counsel asked him if he felt that his "addiction to methamphetamine is a significant issue and related to this case, which is for possession of methamphetamine." Appellant responded, "Yes." Appellant also agreed that he believed it would be important to have an expert in this case "to speak to the issue of the addictive nature of methamphetamine and the rates of -- of relapse in terms of people that . . . have an addiction to methamphetamine." When cross-examined, Appellant did not know of any particular person who would serve as this expert. Appellant also did not know if the expert would testify as to Appellant's personal addiction or generally about the issues of addiction.

4

We conclude that the trial court did not abuse its discretion when it denied Appellant's motion for the appointment of an expert. As stated above, a defendant must offer more "than undeveloped assertions that the requested assistance would be beneficial." *Williams*, 958 S.W.2d at 192 (quoting *Caldwell*, 472 U.S. at 323–24 n.1) (internal quotation marks omitted). Appellant's motion and the evidence that he offered at the hearing did not provide support for his contentions concerning the mitigating quality of Appellant's addiction to methamphetamine. Additionally, the nature of the expert testimony sought by Appellant does not lead to the conclusion that there was a high risk of an inaccurate verdict without the appointment of the requested expert. *Busby*, 990 S.W.2d at 271. Thus, Appellant did not make the required showing of his need to obtain an expert witness. We overrule Appellant's sole issue.

### *This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

August 6, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.